UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANDY GAYOT, #681548,

                 Plaintiff,

        -against-

BRYAN MALDONADO, Deputy Sheriff,
MR. STILLETTO, Correction Officer, SUFFOLK
COUNTY CORRECTIONAL FACILITY,

                 Defendants.
------------------------------------------------------X
FEUERSTEIN, District Judge:

**OPINION & ORDER**
**14-CV-4339 (SJF)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  DEC 08 2014  ★

LONG ISLAND OFFICE

On July 14, 2014, incarcerated *pro se* plaintiff Andy Gayot ("plaintiff") filed a complaint, pursuant to 42 U.S.C. § 1983, against Suffolk County Deputy Sheriff Bryan Maldonado ("Maldonado"), Corrections Officer Stilletto ("C.O. Stilletto") and the Suffolk County Correctional Facility ("the Jail") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.

Based upon the declaration in support of plaintiff's application to proceed *in forma pauperis*, plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's claims against C.O. Stilletto and the Jail are *sua sponte* dismissed for failure to state a claim for relief under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I.    **Background**[1]

Plaintiff's complaint, submitted on the Court's § 1983 form, alleges that on February 26,

---

[1] The complaint's material allegations are accepted as true for the purposes of this Order, *Rogers v. City of Troy*, 148 F.3d 52, 58 (2d Cir. 1998), and do not constitute findings of fact.

2014, as he was transported from the First Precinct in Babylon to the Courthouse in Central Islip, defendant Maldonado, upon learning that plaintiff had been charged with rape, subjected him to excessive force by "aggressively" performing a body search, which included kicking plaintiff about the shins as he faced a wall with his feet and hands spread. Compl. § IV. When plaintiff turned to ask what he had done wrong, Maldonado knocked him to the ground and six (6) or seven (7) other officers "piled on top of [plaintiff], punching [him] around [his] mid-section and legs." *Id.* Plaintiff requested and was denied medical attention. *Id.*

Later that evening and while plaintiff was at the Suffolk County Correctional Facility ("SCCF"), he was picked up by a member of the Sheriff's Emergency Response Team, who referred to plaintiff's criminal charges and said, "I know what you did." *Id.* While performing a body search, the unidentified officer struck plaintiff twice in his groin. *Id.* Plaintiff was then moved to a "stripped cell," without a mattress, blankets, or hygiene products, where he was housed until March 5, 2014. *Id.*

On April 21, 2014, plaintiff was instructed to pack all of his belongings for holding in the Jail's property section. *Id.* On May 5, 2014, plaintiff was returned to the SCCF from Riker's Island and was advised that his property, including legal paperwork, was in long-term hold. *Id.* In anticipation of a scheduled court appearance, plaintiff made several written requests seeking the return of his belongings, to which no one responded. *Id.* On May 8, 2014, an unidentified Correction Officer ("C.O.") taunted plaintiff, in the presence of three (3) other officers and a Sergeant, by calling him "savage" and "rapist" in front of the other inmates. *Id.* While conducting a search of plaintiff's body, the C.O. used his knee to strike plaintiff in the groin and pulled plaintiff's pants up to his chest, thereby constricting his genitals. *Id.* On May 9, 2014, plaintiff filed a grievance against the C.O. and reported the incident to internal affairs. *Id.* On

May 21, 2014, two (2) internal affairs' officers interviewed plaintiff and advised him that unless he sustained physical injuries, no disciplinary action would be taken against the C.O. *Id.* On the following day, the property clerk advised plaintiff that his property had been "lost" without a trace and that he would have to settle for duplicates from the law library. *Id.* Plaintiff explained that his property contained exculpatory evidence in the form of letters, including a submission by the alleged victim who, prior to the issuance of an order of protection against plaintiff, claimed that police coerced her into making a statement. *Id.*

As a result of the foregoing, plaintiff claims he suffered a dislocated thumb, right side pelvic and shoulder pain, chronic genital pain, bruising, depression and social anxiety. *Id.* at § IV. A. Plaintiff alleges that his requests for medical treatment have been ignored and seeks unspecified monetary compensation. *Id.* at § V.

II. Discussion

    A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

    B. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant with immunity.

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Hogan v.

3

Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Secs. (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleading stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. Cnty. of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quotations and citation omitted); see also Anderson News, LLC v. Am. Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 133 S. Ct. 846 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557); see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; see also In re Amaranth Natural Gas Commodities Litig., 730 F.3d 170, 180 (2d Cir. 2013).

1. Section 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

"Every person who, under color of any statute, ordinance,

4

> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . ."

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." See, e.g., Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02 (2012). Section 1983 does not create any independent substantive right; rather, the statute provides a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or by evidence of an official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he

5

held a high position of authority.' " Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a § 1983 claim fails to allege the personal involvement of each defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### A. Entities Immune From Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Sullins v. Nassau Cnty. Corr. Ctr., No. 12 Civ. 2632, 2012 WL 2458213, at *3 (E.D.N.Y. June 27, 2012) (dismissing claims against the Nassau County Jail); Lukes v. Nassau Cnty. Jail, No. 12 Civ. 1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail based upon its status as an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011). Accordingly, plaintiff's claims against the Jail are dismissed in their entirety with prejudice. However, given plaintiff's *pro se* status, the Court shall construe his claims as against Suffolk County.

### B. Municipal Liability

It is well established that a municipality or municipal entity, such as Suffolk County, cannot be held liable under § 1983 on a *respondeat superior* theory. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a § 1983 claim against a municipality, a plaintiff must show "that action pursuant to official municipal policy caused the alleged constitutional injury." Cash v. Cnty. of

Erie, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks and citation omitted); see also Monell, 436 U.S. at 690-91. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials." Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Vill. of Cornwall–On–Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009).

Plaintiff's allegations are insufficient to state a claim against Suffolk County under § 1983 because he has failed to allege: (1) the existence of a formal policy officially endorsed by the County or the Jail; (2) actions taken or decisions made by officials with policymaking power which caused the alleged civil rights violations; (3) a practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Jail policymakers to properly train

7

or supervise their subordinates, which amounts to "deliberate indifference" to the rights of those who come into contact with their employees. See White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of § 1983 claim based upon plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Accordingly, plaintiff's complaint does not state a plausible Monell claim against Suffolk County.

### C. Claim Against C.O. Stilletto

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). Although plaintiff names C.O. Stilletto as a defendant, the complaint contains no allegations or references to C.O. Stilletto and, accordingly, plaintiff has not alleged a viable § 1983 claim against this defendant. Plaintiff's § 1983 claim against C.O. Stilletto is, therefore, dismissed with prejudice **unless plaintiff files an amended complaint setting forth factual allegations to support his civil rights claim against C.O. Stiletto, including relevant dates, times and locations, on or before January 15, 2015.** The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. If plaintiff fails to file an amended complaint within the allotted time, his claim against C.O. Stilletto shall be dismissed and, at that time, the complaint shall be served upon defendant Maldonado by the United States Marshal. If plaintiff does file an amended complaint, the Court shall review it pursuant to 28 U.S.C. § 1915A.

### III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is

or supervise their subordinates, which amounts to "deliberate indifference" to the rights of those who come into contact with their employees. See White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of § 1983 claim based upon plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Accordingly, plaintiff's complaint does not state a plausible Monell claim against Suffolk County.

### C. Claim Against C.O. Stilletto

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). Although plaintiff names C.O. Stilletto as a defendant, the complaint contains no allegations or references to C.O. Stilletto and, accordingly, plaintiff has not alleged a viable § 1983 claim against this defendant. Plaintiff's § 1983 claim against C.O. Stilletto is, therefore, dismissed with prejudice **unless plaintiff files an amended complaint setting forth factual allegations to support his civil rights claim against C.O. Stiletto, including relevant dates, times and locations, on or before January 15, 2015.** The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. If plaintiff fails to file an amended complaint within the allotted time, his claim against C.O. Stilletto shall be dismissed and, at that time, the complaint shall be served upon defendant Maldonado by the United States Marshal. If plaintiff does file an amended complaint, the Court shall review it pursuant to 28 U.S.C. § 1915A.

### III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is

granted and the complaint is *sua sponte* dismissed with prejudice as against the Suffolk County Correctional Facility pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). Plaintiff's claim against C.O Stilletto is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) **unless plaintiff files an amended complaint as set forth above on or before January 15, 2015**. If plaintiff does not file an amended complaint within the allotted time, the original complaint shall be served upon defendant Maldonado immediately thereafter by the United States Marshal. If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A. The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: December 8, 2014
       Central Islip, New York